HEIRS OF FRANCISCO MARÍA FRANCESCHI, Plaintiffs and Appellants, v. JOSÉ PILAR GONZÁLEZ, Defendant and Appellee.

No. 6873. Argued December 10, 1934.—Decided December 14, 1934.

*Henry G. Molina* for appellants. *E. Ramos Antonini* for appellee.

MR. JUSTICE CÓRDOVA DÁVILA delivered the opinion of the Court.

In a suit brought before the District Court of Ponce by the heirs of Franceschi against José Pilar González, judgment was rendered dismissing the complaint and taxing the plaintiffs with costs.

Said judgment was affirmed by this Court (42 P.R.R. 901) and by the Circuit Court of Appeals (62 F. 2d. 948), and defendant, Mr. González filed in the District Court of Ponce a memorandum of costs which was objected to by plaintiffs.

At the hearing on the memorandum of costs defendant offered in evidence the complete record of the case, as well as the declarations of his attorney Ramos Antonini and of

attorney Rivera Zayas. Judgment was rendered by the lower court allowing to defendant the sum of $1,505 as costs and plaintiffs appealed from said judgment.

For the purposes of said appeal appellants obtained an order to have the stenographer make a transcript of the testimony and other evidence offered and admitted by the court. This transcript according to the certificate of the stenographer, contains the oral evidence offered, objections, exceptions, and statements of the attorneys for the parties, orders, decisions, and statements of the court and other incidents of the case, and also a true and correct transcript of the documents admitted as documentary evidence at the trial and which have not been previously presented to the Supreme Court by virtue of the original appeal in this case.

When said evidence was submitted to the approval of the Judge of the district court, defendant appellee objected to its approval because the same did not include the complete record of the case which had been presented to this court for the purposes of the original appeal against the judgment on the merits. The trial judge decided that, in view of objection by one of the parties, he was not authorized to certify that the transcript contained all the evidence referring to this incident, and suggested that the permission of this Supreme Court should first be obtained. The court, with the agreement of the parties, postponed the approval of the transcript of the evidence until a decision by this court was obtained.

Appellants request that this Court render an order providing that in the transcripts of evidence for the purposes of an appeal against an order fixing the costs, it is not necessary, in accordance with the provisions of the rules of this Court, to transcribe any part of the evidence or record already before this Court by virtue of a previous appeal in the same case, and that, hence, the approval by the Judge of the District Court of Ponce of the transcript of the evidence

filed by the stenographer of said court on October 18, 1934. for the purposes of the appeal taken from the order granting to defendant $1,505 as costs, is proper.

Appellee maintains that subdivision *c* of rule 40 of this Court, which would be applicable, is null being contrary to law. According to defendant appellee this court can not base itself on said subdivision to authorize the approval of the transcript of evidence filed in the lower court. Subdivision *c* of rule 40 of this Court reads:

"In an appeal from an order approving a memorandum of costs where the evidence and other proceedings have in an appeal from the judgment itself been previously presented to this court in a bill of exceptions, statement of the case, transcription of the stenographer's notes, or in other due form, the appellant, to show the facts, may rely on the record heretofore presented to this court and such further documentation or evidence properly incorporated as may in the consideration of the memorandum have been presented to the tr'al court."

It is maintained that this part of the rule is contrary to the provisions of Act No. 27, of November, 1917, (Laws of that year p. 274) by which

"the stenographer . . . . . . . shall prepare a transcript of the stenographic notes of the hearing, including in such transcript a copy of all documents offered and admitted in evidence, and that the judge shall examine and see that the same is an exact, true and correct copy of the proceedings had at the hearing, of the testimony offered and taken, of the evidence offered and admitted, etc. In said proceeding the parties may request the inclusion of all such documents, records or particulars as should be included there'n, etc., and the judge shall then certify the said transcript to be true and correct."

We do not agree with appellee. It is true that the transcript of the stenographic notes must include all documents and evidence mentioned, but it is none the less true that the law does not require useless things and that if there is evidence before this Court which has been properly certified it seems unnecessary to compel the lower court to again certify all the documents and evidence already before this Court by

virtue of the original appeal. The purpose of the rule is to insure the inclusion in the record on appeal of all the evidence offered in the lower court. If said evidence has already been filed with the clerk of this Court with all possible guarantees and the question involved is a memorandum of costs, the parties can very well refer to the record of the case which motivated the memorandum and file any other evidence, duly certified which the trial judge had before him when deciding the memorandum. We do not believe that subdivision c of the rule of this Court is null as maintained by appellee.

The law provides that the stenographer shall include in the transcript a copy of all documents offered and admitted in evidence, but these words can very well be interpreted in the sense of including the documents and evidence which have not been presented to this Court by virtue of a previous appeal, if appellant so requests, in accordance with the provisions of said rule.

We are of the opinion that the judge of the lower court has authority, in accordance with the law, to approve the transcript of the evidence filed by the stenographer in said court in the instant case, and that he must proceed to give it his approval in accordance with the terms of this opinion.